## LEBURTON JOHNSON & another *vs.* EPAMINONDAS B. STODDARD & others.

There is no rule of law, which, in the absence of usage, obliges the seller of goods who delivers them to a railroad company to be first transported on their road and thence forwarded by them on a steamboat to the purchaser, to take out an internal bill of lading and send it to the purchaser at or about the time of despatching the goods.

There is no rule of law which requires a railroad company to give bills of lading for goods delivered to them for transportation

CONTRACT by shoe manufacturers at Haverhill in this state, against shoe dealers at Charleston, South Carolina, for the price f a case of shoes, bought by the defendants from the plaintiffs at Haverhill on September 15, 1865, and then ordered by the defendants to be sent to Charleston by the Southern Steamship

Line, and on September 23, 1865, delivered by the plaintiffs to an agent of the Fall River Railroad Company at the freight station of that railroad in Boston.

At the trial in the superior court, before *Wilkinson*, J., it appeared that the Southern Steamship Line was a line of steamships running between New York and Charleston, and having an agent in Boston; " that it was ordinarily understood among the shoe manufacturers and the southern dealers that goods shipped by that line were to be delivered in Boston, and the custom was to send them to the Fall River Railroad Company, with which the steamship line had made an arrangement for the transportation of goods, at its depot in Boston; and that such delivery was a delivery to the purchaser."

The defendants contended that the action could not be maintained, as the plaintiffs sent no internal bill of lading of the case of shoes to the defendants. The plaintiffs thereupon introduced evidence tending to show that it was the usage of the shoe manufacturers of Haverhill, in forwarding goods to southern customers, to send with them to the railroad duplicate receipts, describing the goods, the manufacturers and the consignees, and for the agents of the railroad company, on finding that these receipts corresponded with the goods, to sign both receipts, retain one of them, and return the other to the manufacturer; and that before 1863 it was the usage of the manufacturers to exchange these receipts so returned to them, with the Boston agent of the steamship line, for internal bills of lading signed by him, and to forward these bills to the consignees of the goods; but that " about 1863 this usage had been changed, in order to avoid the expense of the internal revenue stamps on the bills of lading;" and " it appeared that since that time it had been the usage for the manufacturers not to take or send internal bills of lading with the goods consigned."

The judge ruled, " first, that as matter of law it was necessary, in the absence of any custom to the contrary, to take out an internal bill of lading where goods were forwarded as in the present case to southern ports, and to send the same to the purchasers by mail or otherwise at or about the time of the sending

of the goods; and secondly, that this rule of law might be mod-ified by a custom not to send said bill of lading, if it appeared that the defendant had notice of said custom so as to be affected by the same; but that in the present case there was no evidence to be submitted to the jury that the defendants ever were affected with notice of said custom." And accordingly he directed a verdict for the defendants, which was returned; and the plaintiffs alleged exceptions.

*J. A. Gillis & T. D. Hodges,* for the plaintiffs.

*W. C. Endicott,* (*J. W. Perry* with him,) for the defendants.

HOAR, J. The court are of opinion that there is no rule of law, which, in the absence of custom, makes it obligatory upon the seller of goods, delivered to be carried on a railroad, and by the railroad company forwarded by a steamboat, to take out an " internal bill of lading," and forward it to the purchaser at or about the time of the sending of the goods.

The bill of exceptions finds that the plaintiffs were shoe manu-facturers in Haverhill, and that the defendants purchased of them the case of shoes for the price of which the action is brought, and ordered them sent to Charleston, by the Southern Steam-ship Line, which is a line of steamships running between New York and Charleston. It also appeared in evidence that the custom was to send goods so purchased to the depot of the Fall River Railroad Company in Boston, with which company the steamship line had made an arrangement for the transportation of goods; and that such delivery was a delivery to the pur-chaser.

The ruling of the court at the trial would seem to have been founded upon *Putnam* v. *Tillotson,* 13 Met. 517, which is the only case cited by the defendants in support of it. But there is an important distinction between that case and this. It was there found to be the custom to deliver goods, which were or-dered to be sent to the purchaser at Mobile, at the packet office in Boston, and take a bill of lading for them; and that such delivery and taking the bill of lading constituted a delivery to the purchaser. Here it was found that the delivery to the rail road company was in itself a delivery to the purchaser. If a

custom had been shown not to consider such a delivery complete until an internal bill of lading had been taken, it would have made it necessary for the plaintiffs to go further in order to prove a complete delivery of the goods. But there was no such proof.

The ruling of the court upon the question of the sufficiency of the evidence of a custom not to take a bill of lading was correct, if such a bill of lading were required by law in the absence of custom. But the evidence showed that since the year 1863 there had been no custom to take one, although it had been customary before. There was therefore no custom proved which affected the contract; and to support the ruling we must hold that where the parties have agreed that a delivery to a railroad company shall be a sufficient delivery, that delivery is not complete unless a bill of lading is taken. We know no rule of the common law, and no provision of statute, which requires a railroad company to give bills of lading. When such companies transport goods in connection with carriers by sea, it may be a convenient and proper arrangement; but it can only be made essential by contract or custom.

*Exceptions sustained.*